Connolly, J.
INTRODUCTION
This case arises out of the plaintiffs, Sealund Sisters, Inc. (Sealund), efforts to obtain the necessary approvals under the Subdivision Control Law (G.L.c. 41, §81J-81GG). Sealund proposes to subdivide into fifteen lots the major portion of a parcel of approximately 300,673 square feet of land. The property is located at the end of D.F. Haviland Lane, off King Avenue, in the town of Weymouth, and is also shown on the Weymouth Town Atlas Sheet 20, Block 282, Lots 16 and 25.
The parties — Sealund, and the town of Weymouth Planning Board (Board) — have requested that this court render a decision based on a joint statement of agreed facts in lieu of a trial.
After reviewing the exhibits, stipulation of facts and considering the arguments of counsel, the court affirms the decision of the Board.
BACKGROUND
The following facts are contained in the parties Joint Statement of Facts filed with this court. Additionally, the court considers: the affidavit of Mary Sue Ryan, a Planning Board member from the Town of Weymouth; the affidavit of Kenneth R. Teebagy, a registered Professional Engineer; and, the subdivision plans that were filed with the board. These additional facts noted are by agreement of the parties in open court.
On or about January 1995, Walter H. Sealund, Jr. entered into a Purchase and Sale Agreement with Jan Realty Trust, the owner of a parcel of land containing approximately 300,673 square feet of land, off D.F. Haviland Lane and Kensington Road in Weymouth, Massachusetts. Seeking to subdivide, Sealund engaged Kenneth Teebagy as his Project Engineer for preparation of a definitive subdivision plan for the property, which was drawn and submitted to the Board on or about May of 1996. In preparation for presenting a definitive plan, certain meetings were established between Sealund, Teebagy, and the Engineering and Public Works Departments for purposes of reviewing the needs for storm water discharge. Subsequently, a detention basin was prepared for the *523 subdivision and received approval by both the Engineering and Public Works Departments of the town.
During the summer of 1996, the Board held public hearings on the subdivision plan application. Sealund offered testimony of his consulting engineer, Mr. Teebagy and Mr. Frank Kenefick, a blasting expert, for purposes of providing the Board with ample information as to the application.
At the conclusion of the hearing, the Board expressed concerns relative to the amount of blasting that would have to take place in order for the applicant to complete the subdivision. From start to finish, it was estimated that some twelve (12) to eighteen (18) months of blasting would have to occur.
The Board voted to deny the subdivision plans for the Sealund project based on the following concerns:
1. The amount of blasting on site is too extensive. The length of time to complete the blasting, the number of trucks used to haul the blast material, associated noise and dust will be detrimental to the neighborhood.
2. The detention basin is too big. The basin extends across too many lots, (3) three, takes up too much of the lot area on each of the lots and the sides are too high.
Shortly thereafter, Sealund filed a complaint with this court alleging the Board’s decision to be in excess of its authority, seeking the decision to be annulled, thus thereby approving the subdivision plan as amended.
On or about July 23, 1997, this court denied the parties’ cross-motions for summary judgment. The parties have framed the issue for this court to decide as “whether blasting, for which . . . the issuance of a permit rests with the discretion of the local fire department may be a factor in a local planning board’s decision to deny approval to a definitive subdivision plan.
DISCUSSION
Massachusetts General Laws provide that “(a]ny person . . . aggrieved by any decision of planning board concerning a plan of a subdivision of land . . . may appeal to the superior court for the county in which said land is situated.” G.L.c. 41, §81BB. The decision of the Board shall be annulled if, upon hearing all relevant evidence and ascertaining the facts, the court finds that the Board exceeded its authority. Id.
Sealund contends that the Board clearly exceeded its authority by rendering a decision that was arbitrary and capricious. Specifically, the Sealund argues that “the issues surrounding blasting of land are within the proper jurisdiction of the Fire Chief for the Town of Weymouth” and that there is nothing in the rules and regulations adopted by the Board, nor Massachusetts General Laws that gives the Planning Board jurisdiction over blasting issues. The Town contends that blasting is a relevant factor in determining subdivision approval.
It is well established that “the duties of the Superior Court in hearing and deciding appeals under §8IBB are to conduct a hearing de novo, find the relevant facts, and, confining its review to the reasons stated by the planning board for its disapproval of the subdivision plan . . . determine the validity of the Board’s decision. Fairbairn v. Planning Board of Barnstable, 5 Mass.App.Ct. 171, 173 (1977) (internal citations omitted). It is similarly well established that the developer has the burden of proving that the planning board has exceeded its authority in disapproving the plan. Id.
In adopting the subdivision control law, the legislature contemplated that planning boards should insure compliance of subdivision plans with rules and regulations of the planning board. Consequently, it is important that each board adopts rules and regulations so that developers can readily ascertain the applicable standards. See e.g. Castle Estates Inc. v. Park and Planning Board of Medfield, 344 Mass. 329; See also North Landers Corp. v. Planning Bd. of Falmouth, 382 Mass. 432 (1981) (“the Castle Estates standard is offended when local boards have introduced reasons not specified in the published regulations”).
The Board’s Rules and Regulations Governing Subdivision of Land, Weymouth, Massachusetts, Section 1.1 (Exhibit A), set out the regulations in a comprehensive, reasonably definite and carefully drafted manner. The regulations provide, in pertinent part:
The subdivision regulations are adopted for the purpose of protecting the safety, convenience, and welfare of the inhabitants of the Town of Weymouth by regulating the laying out and construction of ways in subdivisions . . . insuring sanitary conditions in the subdivision . . . the powers of the Planning Board shall be exercised with due regard for . . . reducing danger of life and limb in the operation of motor vehicles . . . securing safety in the case of fire, flood, panic and other emergencies . . . securing adequate provision for water, sewage, drainage . . . and other requirements where necessary in a subdivision. Rules and Regulations Governing the Subdivision of Land, Weymouth, Massachusetts: §1.1 Purposes.
It is clear that the extensive blasting required to remove approximately 80,000 cubic yards of rock over a twelve to eighteen month period is a valid factor for the Board to consider in protecting “the safety, convenience and welfare of the inhabitants of the Town of Weymouth.” While the Fire Chief of the Town may issue a blasting permit this does not exclude the Board from evaluating the nature and effect of such blasting on the area and its residents. The Board did not exceed its authority in denying Sealund’s plan. Consequently, the Board’s decision is affirmed.
*524 ORDER
For the foregoing reasons, it is hereby ORDERED that judgment shall enter AFFIRMING the decision of the Town of Weymouth Planning Board’s denial of Sealund Sisters, Inc.’s subdivision plan.